Lily Ho Quon v. Commissioner. Albert T. Quon v. Commissioner.
Ho Quon v. Commissioner
Docket Nos. 5805, 5806.
United States Tax Court
1947 Tax Ct. Memo LEXIS 262; 6 T.C.M. (CCH) 348; T.C.M. (RIA) 47077; March 28, 1947
George T. Altman, Esq., 215 W. 7th St., Los Angeles 14, Calif., for the petitioners. H. A. Melville, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion HILL, Judge: Respondent determined a deficiency in the income tax of each petitioner for the year 1941 in the amount of $9,835.08. The question is whether certain income reported as trust income is taxable to petitioners. Petitioners filed separate returns for 1941 on a community basis with the collector of internal revenue for the sixth district of California at Los Angeles. The cases were consolidated at the hearing. Findings of Fact Petitioners are husband and wife residing in Los Angeles, California. Unless otherwise indicated petitioner will hereinafter *263 be used to refer to Albert T. Quon. Petitioner is a resident alien. Petitioner, Lily Ho Quon, is a citizen. Prior to May 1941 petitioner, as sole proprietor, operated a business under the name of Quon-Quon Company. The business involved importing Chinese decorative merchandise and wholesaling it. On May 1, 1941, petitioners as co-trustors, created four separate trusts, one for each of their four children, Alberta Pauline born June 19, 1930, Lillian Mae born August 1, 1932, Jeanette born February 12, 1936, and Ronald born May 7, 1937. These children are all citizens. Concurrently with the creation of these trusts Quon-Quon Company was reorganized as a partnership, petitioners being constituted general partners and the trustees of the four trusts being constituted limited partners. Each of the four trusts, as here material, are essentially similar except for the identity of the beneficiaries and trustees. Ronald's trust will be described as typical of all the trusts. Ronald's trust indenture recites that petitioner owns and operates Quon-Quon Company and that petitioners desire to make provision and settlement for their son by irrevocable transfer in trust of an interest in such *264 business. Petitioners, as co-trustors, irrevocably assigned to Ronald's trustee an undivided 12 1/2 per cent interest in the business of Quon-Quon Company, subject to the terms of the partnership hereafter described. The trust instrument provides that: 1. Concurrently with the execution of this indenture, said business shall be reorganized as a limited partnership and Trustee shall become a limited partner therein. As such limited partner and as Trustee under this Trust Agreement, he shall have a twelve and one-half percent (12 1/2%) interest in said business and shall be entitled to receive twelve and onehalf percent (12 1/2%) of the net profits therefrom and said share of the profits shall be credited to the Trustee and distributed to him from time to time, pro rata with distribution to the general partners in said business. 2. Trustors shall be general partners in said limited partnership. Said limited partnership shall continue for twenty-five (25) years unless sooner terminated by the death, withdrawal or transfer of interest of one of the general or limited partners. The trustee is vested with power: a. Upon termination, dissolution or reorganization of said limited partnership, *265 to reinvest his distributive share of the proceeds therefrom, or any part thereof, in the capital assets or capital stock of any partnership, corporation or other company which may be organized for the purpose of acquiring the assets and continuing the operation of said business. The trustee is further authorized to sell or exchange trust assets, purchase other assets, invest trust funds or borrow money and obligate or encumber the trust estate therefor, all only with the written consent of the beneficiary after he attains 21 years of age or only with the written consent of the beneficiary's parents prior to such time. The trust instrument provides that when Ronald reaches 21 years of age the trustee shall thereafter pay him from the income and/or the principal of the trust estate such amount as in the trustee's discretion is necessary to enable Ronald to maintain the standard of living to which he has been theretofore acustomed if his parents or surviving parent is not ready, willing and able to provide such funds for him. When Ronald successively reaches the ages of 21, 25 and 30, the trustee shall pay him, respectively, one-fourth, one-third and one-half of the then accumulated *266 income and principal of the trust estate other than the partnership interest in the Quon-Quon Company. When Ronald reaches 35 years of age the trustee shall pay him the entire remaining estate and the trust shall terminate. If Ronald should die before attaining 21 years of age, the trust estate goes to his issue or, if none, equally to the remaining trusts. If Ronald dies after reaching 21 years of age, the trust estate goes to his heirs, devisees or legatees. The trustee is entitled to compensation for ordinary and usual services in the amount of $50 a year. If the trustee is to be absent from the State of California for an extended period of time a co-trustee may be appointed by a competent court to act during such period of absence. If the trustee resigns a competent court shall appoint a successor. Concurrently with the creation of the trusts, Quon-Quon Company was reorganized into a partnership. Petitioners were general partners, each having a 25 per cent interest, and the four trustees of the four trusts were limited partners, each having a 12 1/2 per cent interest in the partnership. Each general partner contributed to the partnership an undivided 25 per cent interest in *267 the Quon-Quon Company business. Each limited partner contributed to the partnership an undivided 12 1/2 per cent interest in such business, such 12 1/2 per cent interest being valued at $11,268.06. The partnership is for a term of 25 years. It can be dissolved by the death of a general or limited partner, the transfer or attempted transfer of the interest of any general or limited partner, the retirement or withdrawal from the partnership of any general or limited partner. The substitution of a successor trustee as a limited partner does not operate to dissolve the partnership. The partnership agreement provides: VII Each limited partner and each of the general partners has agreed and does hereby agree to contribute to the partnership capital a pro rata amount, based on his or her respective interest in said parnership assets and profits, only out of his or her share of the net profits from said business, sufficient in the aggregate to pay all obligations of said business heretofore or hereafter incurred and to provide adequate working capital. VIII No definite time has been agreed upon for the return of the contributions of the limited partners. Their pro rata shares of *268 the capital assets of the partnership shall be returned to them, concurrently and pro rata with distribution to the general partners, upon termination of the partnership and liquidation of its assets. Petitioner discussed the advisability of creating trusts for his children as early as 1939 but nothing was then done. In 1940 petitioner went to China to purchase merchandise for the business and was absent from this country approximately from April to August, inclusive. During this period an employee named Fung was in control of the business and operated it. After petitioner returned from China in August 1940 he became concerned over the possibility that his business assets might be frozen by executive order since certain alien property in this country was becoming subject to such controls. Early in 1941 petitioner discussed the problem with various friends and advisors. The plan to create the trusts and the partnership, which was executed May 1, 1941, grew out of these discussions and was prompted by various considerations. One consideration was petitioner's parental desire to make provision for the security of his children. Another consideration was the fear of having the business *269 assets frozen by the Government since petitioner's children and wife were citizens and partial ownership of the business assets was considered a practical method of avoiding seizure to such extent. Another consideration was the reduction of taxes. After the creation of the partnership the business continued to be conducted in all material respects in the same manner as it had been conducted prior to the partnership. The limited partners played no part in the conduct of the business. Capital and drawing accounts were set up on the partnership books for each limited partner. To each limited partner's capital account was credited 12 1/2 per cent of the partnership's net profit. Checks were drawn from time to time by petitioner on the partnership's commercial account, payable to various banks and brokers, which checks were ratably charged against the limited partner's drawing accounts. These checks were drawn to purchase securities which were delivered by petitioner to the trustees. Later the trustees themselves directly purchased securities for the trusts from amounts credited to them on the partnership books. These purchases were approved by the petitioners as parents of the beneficiaries. *270 On petitioners' returns the income from Quon-Quon Company from January 1, to April 30, 1941, inclusive, the period prior to the formation of the partnership, was shown in the amount of $40,580.19, which amount included petitioner's salary of $4,000 from the partnership for the 8-month [sic] period. This amount was also reported on a community basis. Each trust reported as its share of the partnership income for 1941 the amount of $9,094.94, or an aggregrate amount of $36,379.76. Respondent, in his deficiency notices to petitioners, attributed one-half of this latter amount, or $18,189.88, to each of the petitioners. In explanation of this determination respondent stated: Income reported in the aggregate amount of $36,379.76 in the fiduciary returns filed for the alleged Ronald Quon, Jeannette Quon, Alberta Pauline Quon and Lillian Mae Quon trusts, purportedly established for your four minor children, by you and your spouse, as so-called co-trustors, is includible in your income to the extent of $18,189.88 under the provisions of sections 22 (a), 166 and 167 of the Internal Revenue Code. Opinion The instant situation is, in our opinion, controlled by *271 Commissioner v. Tower, 327 U.S. 280, and Lusthaus v. Commissioner, 327 U.S. 293. We have here a situation wherein a sole proprietorship originated, operated, and controlled by petitioners is converted into a partnership which purports, by trust mediums, to include as limited partners petitioners' minor children. No capital not originating with petitioners has been contributed to the partnership by the trusts. No services are contributed to the partnership by the trustees. The business for all practical purposes continues to be operated and controlled after the conversion to the partnership form as before. The only conceivable element in this case which could possibly be considered as excepting the instant situation from the familiar family partnership pattern is petitioner's claimed business purpose in making the trust and partnership arrangement to avoid the freezing of assets. Petitioners stress this aspect of the case but it does not, in our opinion, serve to validate the attempted partnership for income tax purposes. It is true and we have so found that petitioner was partially motivated by a desire to avoid the freezing of his business assets. It is *272 also true and we also found that petitioner was partially motivated by a desire to make provision for the security of his children and by a desire to reduce taxes. Furthermore, while the desire to avoid the freezing of assets by transferring ownership to citizens is, in one sense, a business purpose, it is not the kind of business purpose, in our judgment, which is indicative of the essential intent to really and truly join together for the purpose of carrying on business as partners. The desire to avoid the freezing of assets in fact indicates that the arrangement was intended merely as a technical shifting of title from alien to citizen. The purported limited partners in a sense constituted mere depositories of title for purposes other than those connoting a true partnership. We therefore conclude that this aspect of the case fails to remove it from the ambit of the Tower and Lusthaus rationale. We hold that respondent correctly attributed the income of the trusts equally to petitioners. Decisions will be entered for respondent.